Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
Heather J. Zacharia, SBN 280444
BULLIVANT HOUSER BAILEY PC
235 Pine Street, Suite 1500
San Francisco, California  94104-2752
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-mail:ron.richman@bullivant.com
       susan.olson@bullivant.com
       heather.zacharia@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> GRADETEK, INC., a California corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR A MANDATORY INJUNCTION** |

Now comes the Plaintiffs, hereinabove named, and for their causes of action against Defendant, allege as follows:

## I. JURISDICTION AND VENUE

1. This is an action for damages for breach of the collective bargaining agreement described below; for recovery of unpaid trust fund contributions; and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises from defendant's failure to make trust fund contributions as required by the collective bargaining agreement, by the written trust agreements and by provisions of federal law.

## II. INTRADISTRICT ASSIGNMENT

2. Venue of the within action is properly laid in the U.S. District Court for the Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), contributions are made to, and benefits paid from, a corporate co-trustee bank in the Northern District of California.

## III. PARTIES

3. The Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California are the plaintiffs herein (collectively, the "Trust Funds" or "plaintiffs"). The Trust Funds are organized under and pursuant to the provisions of §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Funds were established through collective bargaining agreements between the Northern California District Council of Laborers and employer associations representing construction industry employers doing business in Northern California. The Trust Funds are employee benefit plans created by written trust agreements subject and pursuant to §§ 3(3) and 3(37) of

ERISA, 29 U.S.C. §§ 1002(3) and (37). The Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the Trust Funds.

4. Each of the Trust Funds is a third party beneficiary of the collective bargaining agreement described below.

5. At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

6. The Trust Funds provide a variety of benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Boards of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payment and contributions to the Trust Funds.

7. Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, defendant Gradetek, Inc., ("Gradetek" or "defendant") was and is a California corporation with its principal place of business located in Rancho Cordova, California. Plaintiffs are further informed and believe, and upon that ground allege, that Gradetek is and has been an employer within the meaning of section 3(5) and section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## IV. FIRST CLAIM FOR RELIEF

**(BREACH OF COLLECTIVE BARGAINING AGREEMENT)**

8. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 – 7 of this Complaint.

9. Gradetek entered into a subcontract with Roebbelen Contracting in which Gradetek agreed to be bound, for any covered work performed under the subcontract, to the written collective bargaining agreement with the Northern California District Council of

Laborers ("Laborers Union") entitled the Laborers' Master Agreement for Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, Gradetek agreed to be subject to and bound by all provisions and conditions of the written trust agreements which established the Trust Funds. Pursuant to the provisions of the Master Agreement, defendant agreed to be bound by all terms relating to wages, hours, and conditions of employment prescribed therein with the Laborers Union.

10. By virtue of the Master Agreement and written trust agreements, Gradetek promised and agreed that: (1) it would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, it would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against it, it would pay into said Trust Funds the attorneys' fees, costs, and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Laborers Union and Gradetek has never been terminated.

12. Plaintiffs have performed all conditions, covenants, and promises on their party to be performed in accordance with the terms and conditions of the Master Agreement and trust agreements.

13. Within the four years last past, defendant materially breached and broke the aforementioned Master Agreement and trust agreements in the following respects:

    a. by failing to report and failing to pay all employee fringe benefit contributions for covered employees (not reported, not paid) for the period of August – September 2012 and January – May 2013, in the principal amount of $9,022.49, according to proof at trial;

      b.      by failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions (not reported, not paid) for the period of August – September 2012 and January – May 2013, in an amount to be proven at trial.

14.    The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: for unpaid contributions (not reported, not paid) on behalf of its covered employees in the principal amount of $9,022.49, plus interest and liquidated damages in an amount to be proven at trial. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to provisions of the Master Agreement and trust agreements, plaintiffs request that the Court award plaintiffs' their attorneys' fees and costs incurred in bringing the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## V. SECOND CLAIM FOR RELIEF

### (RECOVERY OF UNPAID TRUST FUND CONTRIBUTIONS)

### (ERISA §§ 502(g)(2), 515)

16.    Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 – 15 of this Complaint.

17.    ERISA section 515, 29 U.S.C. § 1145, requires Gradetek to make such contributions to the Trust Funds as are required under the terms of the collective bargaining agreement with the Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce Gradetek's obligations to make those contributions.

18.    Gradetek failed to report and failed to pay (not reported, not paid) all employee fringe benefit contributions for the period August through September 2012, and January through May 2013, in the principal amount of $9,022.49. Gradetek is further obligated by the provisions of the Master Agreement and the trust agreements to pay interest on the unpaid contributions at the rate of 1.5% per month until paid and liquidated damages in the amount of $150 for each

– 4 –

1  month that defendant failed to timely report and pay all employee fringe benefit contributions
2  into each Trust Fund.

3  19. Pursuant to the provisions of 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to the following relief:

    a. Section 1132(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month from the date of delinquency until the date of judgment, calculated to be $7,546.00 as of October 19, 2016, according to proof at trial; and

    b. Section 1132(g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month from the date of delinquency until the date of judgment or (ii) liquidated damages under the Master Agreement and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $7,546.00 as of October 19, 2016, according to proof at trial.

20. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to 29 U.S.C. § 1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in bringing the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VI. THIRD CLAIM FOR RELIEF
### (MANDATORY INJUNCTION)
### (29 U.S.C. 1132(G)(2)(E))

21. Plaintiffs re-allege and incorporate by reference, as though fully set forth herein, the allegations contained in paragraphs 1 – 20 of this Complaint.

22. Pursuant to the terms and conditions of the Master Agreement and trust agreements, defendant Gradetek is required to allow the Trust Funds access to its books and

records to determine the amount of Trust Funds contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made. The purpose of the respective Funds are to provide health and welfare, vacation, pension, and other benefits for laborers, retired laborers, and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

23. Pursuant to 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate an pursuant to 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order by this Court ordering and requiring Gradetek to allow plaintiffs' auditor access to the books and records of defendant, to permit plaintiffs to verify the precise amounts owed by the defendant to the Trust Funds for the period of May 1, 2015, through the last completed quarter prior to entry of judgment.

24. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy, in that the audit of the books and records of the defendant is the only means to accurately verify the additional amounts owed, if any, by defendant Gradetek to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as follows.

## VII. RELIEF REQUESTED

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against defendant as follows:

    (a) for unpaid contributions (not reported, not paid) in the amount of $9,022.49, plus interest and liquidated damages on unpaid contributions, in an amount to be proven at trial; and

///
///

1        (b)    for such other and further amounts as may be discovered after plaintiffs have had the opportunity to conduct a further audit of defendant's books and records, for costs of suit, attorneys' fees, and for such other and further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, for recover under 29 U.S.C. § 1132(g)(2) for judgment against defendant as follows:

    (a)    Under 29 U.S.C. § 1132(g)(2)(A): for unpaid contributions that were not reported and not paid in the principal amount of $9,022.49, according to proof at trial;

    (b)    Under 29 U.S.C. § 1132(g)(2)(B): for an award of interest on the unpaid fringe benefit contributions not reported and not paid at the rate of 1.5% per month, from the date of delinquency until the date of judgment, calculated to be $7,546.00, as of October 19, 2016;

    (c)    Under 29 U.S.C. § 1132(g)(2)(C) for the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefits at the rate of 1.5% per month, from the date of delinquency until the date of judgment or (ii) liquidated damages under the Master Agreements and trust agreements of $150 for each month that defendant failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be $7,546.00, as of October 19, 2016.

3. On the Third Claim for Relief, that defendant be compelled forthwith to submit to an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of defendant during business hours, at reasonable time or times, and to allow said auditor to examine such books, records, papers, and reports of defendant that are relevant to the enforcement of the collective bargaining agreement and trust agreements, including but not limited to the following for the period of May 1, 2015, through the last completed quarter prior to entry of judgment:

///

California Quarterly Report of Wages, Form DE-6; Federal Tax Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals; Individual Earnings Records; Source Records; including time cards and time card summaries for all employees; contribution reports for all Trust Funds; workers' compensation reports; certified payroll reports; personnel records indicating job classifications and hire/termination dates; cash disbursement journal; vendor invoices; copies of subcontract agreements; cash receipts journal; general ledger; job cost records; records of related entities; and any other book and records that may be necessary to complete the auditor's determination or provide additional explanation.

DATED: October 21, 2016

                                        BULLIVANT HOUSER BAILEY PC


                                        By  */s/ Heather J. Zacharia*
                                            Heather J. Zacharia

                                        Attorneys for Plaintiffs

4840-0992-9531.1

– 8 –
COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS; AND FOR A MANDATORY INJUNCTION